GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
Jonathan L. Flaxer (JF 7096)
Moshie Solomon (MS 1489)
437 Madison Avenue
New York, New York 10022
(212) 907-7300

*Counsel to Robert L. Geltzer, as Chapter 11 Trustee
For the Estate of Stranahan Foil Company, Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA                                        :
                                                                :   Case No. 94-cr-1093-DRH
        v.                                                      :
                                                                :
WILLIAM KAYE                                                    :
                                                                :
-----------------------------------------------------------------X

### MOTION OF ROBERT L. GELTZER, CHAPTER 11 TRUSTEE FOR THE ESTATE OF STRANAHAN FOIL COMPANY, INC., TO COMPEL THE UNITED STATES OF AMERICA TO TURN OVER RESTITUTION FUNDS IN ACCORDANCE WITH 18 U.S.C. § 3771

        Robert L. Geltzer (the "Trustee"), as chapter 11 trustee for the bankruptcy estate of Stranahan Foil Company, Inc. (the "Debtor"), submits this motion (the "Motion"), in accordance with 18 U.S.C. § 3771(d)(3), seeking to compel the United States of America to turn over all restitution funds paid by William Kaye ("Kaye") and held by the United States of America in conjunction with a guilty plea and judgment against Kaye, entered by this Court on April 24, 1995, in the captioned criminal case. In support of this motion, the Trustee represents as follows:

### BACKGROUND

        1.      On May 9, 1988, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States

*340143.2*

Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). (Flaxer Decl. at ¶ 2).[1]

2. On May 16, 1988, the Bankruptcy Court entered an order approving the retention of Kaye as attorney for the Debtor in the bankruptcy case. (Flaxer Decl. at ¶ 3).

3. On December 11, 1990, the Bankruptcy Court entered an order confirming the Debtor's amended plan of reorganization (the "Plan"). Kaye was designated as the disbursing agent under the Plan. (Flaxer Decl. at ¶ 4).

4. Despite the confirmation, Kaye failed to distribute funds of the Debtor's estate pursuant to the Plan. (Flaxer Decl. at ¶ 5).

5. As a result, on April 12, 1993, the Bankruptcy Court entered an order directing the United States Trustee to appoint a chapter 11 trustee for the Debtor's estate. (Flaxer Decl. at ¶ 6).

6. On or about April 12, 1993, the Office of the United States Trustee appointed the Trustee to serve as the chapter 11 trustee for the Debtor's estate. (Flaxer Decl. at ¶ 7).

7. On May 17, 1993, the Bankruptcy Court entered an order approving the selection of the Trustee as chapter 11 trustee for the Estate. (Flaxer Decl. at ¶ 8).

8. The Trustee's investigation disclosed that Kaye had improperly diverted funds from the Debtor's estate. On December 21, 1993, the Trustee brought an adversary proceeding (Adv. No. 93-1576) in the Bankruptcy Court against Kaye to recover such funds. (Flaxer Decl. at ¶ 9).

9. On November 23, 1994, the Trustee and Kaye entered into a settlement agreement, whereby, *inter alia,* Kaye agreed to repay the amount of $400,000 to the Debtor's

---

[1] Accompanying this Motion is the declaration of Jonathan L. Flaxer, Esq. in support of the Motion.

estate. The Clerk of the Bankruptcy Court entered judgment against Kaye in the amount of $400,000 on the same date, and the Adversary Proceeding was subsequently dismissed. (Flaxer Decl. at ¶ 10).

10. On October 20, 1994, the United States Attorney for the Eastern District of New York (the "U.S. Attorney") commenced the captioned criminal proceeding against Kaye for mail fraud in connection with a scheme to defraud his clients, including the Debtor. (Flaxer Decl. at ¶ 11).

11. On or about April 21, 1995, Kaye pled guilty to the charges, and on April 24, 1995, this Court entered a judgment (the "Judgment") of conviction for mail fraud. (Flaxer Decl. at ¶ 12; Flaxer Decl., Exhibit "A").

12. As part of the Judgment, the Court ordered Kaye to make restitution payments (the "Restitution Payments") into a fund under the control of the United States of America (the "Restitution Fund"), for the benefit of each of the victims listed in the Judgment, including the Debtor. Under the terms of the Judgment, Kaye was required to make all Restitution Payments in full by no later than April 24, 2000. (Flaxer Decl. at ¶ 13).

13. Upon information and belief, Kaye has only paid the amount of approximately $18,000 into the Restitution Fund.

14. Over the last three years, the Trustee's counsel has sent numerous letters and placed several calls to the Office of the United States Attorney for the Eastern District of New York to request that the Restitution Fund be distributed so that the Trustee, as the representative of the Debtor, for the benefit of the Debtor's estate, can receive the appropriate share, consummate the Plan, and close the bankruptcy case. (Flaxer Decl. at ¶ 14).

15. In July 2005, the Assistant U.S. Attorney (the "AUSA") in charge of this

matter requested that the Trustee's counsel research the status of all of Kaye's victims (all of which were either bankruptcy debtors or entities that had initiated assignments for the benefit of their creditors), ostensibly to determine whether which, if any, of the other Debtor's still existed. (Flaxer Decl. at ¶ 15).

16. The Trustee's counsel researched the various victim entities, and, in August and September 2005, sent a report to the AUSA concluding that all of Kaye's victims were (i) bankruptcy estates that have long since closed, and (ii) insolvent entities that had assigned all of their assets to creditors under applicable state law and have long since dissolved. Despite the submission of this report, however, the U.S. Attorney, has not yet taken any action regarding the Restitution Fund. (Flaxer Decl. at ¶ 16).

17. The Office of the United States Trustee has requested that the Trustee close this bankruptcy case as soon as possible. The Trustee, however, cannot close this bankruptcy case until all of the Debtor's assets are collected for distribution to the creditors of the Debtor's estate. The sole remaining asset for the Debtor's estate is the Restitution Fund. (Flaxer Decl. at ¶ 17).

## RELIEF SOUGHT

18. By this Motion the Trustee seeks, under 18 U.S.C. § 3771, to obtain an order from this Court compelling the United States of America to turn over the Restitution Fund to the Trustee for the benefit of the Debtor's estate, and any other extant victims.

19. Under 18 U.S.C. § 3771(e), a "crime victim" is "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." Kaye improperly diverted funds from the Debtor, and pled guilty to a Federal offense relating to his malfeasance. Therefore, the Debtor is a "crime victim" under 18 U.S.C. § 3771(e).

20. As a crime victim, the Debtor is entitled to certain rights and protections. 18 U.S.C. § 3771(a) states in pertinent part that a crime victim has, among other things, "the right to full and *timely* restitution under the law." (emphasis added). Furthermore, "officers and employees of the Department of Justice . . . shall make their best efforts to see that crime victims are . . . accorded[] the rights described in subsection (a)." 18 U.S.C. § 3771(c)(1).

21. If a crime victim is not accorded the rights under 18 U.S.C. § 3771(a), the crime victim and its lawful representative may file a motion asserting such victim's rights in the district court in the district in which the crime occurred. *See* 18 U.S.C. § 3771(d)(1) and (3).

22. The Trustee has given every possible opportunity to the U.S. Attorney to release the Restitution Fund without the necessity of this Court's intervention, including sending numerous letters and making several telephone calls to the U.S. Attorney. Upon the AUSA's request for the Trustee to research the status of Kaye's other crime victim, the Trustee immediately directed his counsel to perform such research, with the understanding that the U.S. Attorney would release the Restitution Fund upon the completion and submission of such research. However, after performing the research and delivering a report to the U.S. Attorney, the Restitution Fund remains undistributed, despite several additional follow-up letters and telephone calls.

23. The Trustee has a fiduciary duty to the creditors of the Debtor's bankruptcy estate to close this bankruptcy case as expeditiously as possible, and the United States of America has been the only impediment to fulfilling his duty. At this point, the Trustee has no choice but to bring this Motion, with the hope that this Court will intervene in this matter and compel the United States of America to release the Restitution Fund.

WHEREFORE, the Trustee respectfully requests that Court enter an Order (i) compelling the United States of America, and whichever agency is holding the Restitution Fund, to turn over the Restitution Fund to the Trustee as the lawful representative of the Debtor, and (ii) granting such other relief that is just.

Dated: New York, New York
      May 4, 2006

Respectfully submitted,

GOLENBOCK EISEMAN ASSOR
  BELL & PESKOE LLP
*Counsel to Appellee Robert L. Geltzer, as Trustee*
437 Madison Avenue
New York, New York 10022
(212) 907-7300

By: _____
Jonathan L. Flaxer (JF 7096)
Moshie Solomon (MS 1489)