GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
Jonathan L. Flaxer (JF 7096)
Moshie Solomon (MS 1489)
437 Madison Avenue
New York, New York 10022
(212) 907-7300

*Counsel to Robert L. Geltzer, as Chapter 11 Trustee*
*For the Estate of Stranahan Foil Company, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
:
UNITED STATES OF AMERICA                  :
:         Case No. 94-cr-1093-DRH
v.                                        :
:
WILLIAM KAYE                              :
:
---------------------------------------------------------------X

**DECLARATION OF JONATHAN L. FLAXER IN SUPPORT OF THE MOTION OF ROBERT L. GELTZER, CHAPTER 11 TRUSTEE FOR THE ESTATE OF STRANAHAN FOIL COMPANY, INC., TO COMPEL THE UNITED STATES OF AMERICA TO TURN OVER RESTITUTION FUNDS IN ACCORDANCE WITH 18 U.S.C. § 3771**

JONATHAN L. FLAXER, pursuant to 28 U.S.C. § 1746, under penalty of perjury, hereby declares:

1. I am a member of the firm of Golenbock Eiseman Assor Bell & Peskoe LLP, counsel for Robert L. Geltzer (the "Trustee"), the chapter 11 trustee for the bankruptcy estate of Stranahan Foil Company, Inc (the "Debtor"). I submit this declaration in support of the motion of the Trustee, in accordance with 18 U.S.C. § 3771(d)(3), seeking to compel the United States of America to turn over all restitution funds paid by William Kaye ("Kaye") and held by the United States of America in conjunction with a guilty plea and judgment against Kaye, entered by this Court on April 24, 1995, in the captioned criminal case.

*340863.1*

2.	On May 9, 1988, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

3.	On May 16, 1988, the Bankruptcy Court entered an order approving the retention of Kaye as attorney for the Debtor in the bankruptcy case.

4.	On December 11, 1990, the Bankruptcy Court entered an order confirming the Debtor's amended plan of reorganization (the "Plan"). Kaye was designated as the disbursing agent under the Plan.

5.	Despite the confirmation, Kaye failed to distribute funds of the Debtor's estate pursuant to the Plan.

6.	As a result, on April 12, 1993, the Bankruptcy Court entered an order directing the United States Trustee to appoint a chapter 11 trustee for the Debtor's estate.

7.	On or about April 12, 1993, the Office of the United States Trustee appointed the Trustee to serve as the chapter 11 trustee for the Debtor's estate.

8.	On May 17, 1993, the Bankruptcy Court entered an order approving the selection of the Trustee as chapter 11 trustee for the Estate.

9.	The Trustee's investigation disclosed that Kaye had improperly diverted funds from the Debtor's estate. On December 21, 1993, the Trustee brought an adversary proceeding (Adv. No. 93-1576) in the Bankruptcy Court against Kaye to recover such funds.

10.	On November 23, 1994, the Trustee and Kaye entered into a settlement agreement, whereby, *inter alia*, Kaye agreed to repay the amount of $400,000 to the Debtor's estate. The Clerk of the Bankruptcy Court entered judgment against Kaye in the amount of $400,000 on the same date, and the Adversary Proceeding was subsequently dismissed.

11. On October 20, 1994, the United States Attorney for the Eastern District of New York (the "U.S. Attorney") commenced the captioned criminal proceeding against Kaye for mail fraud in connection with a scheme to defraud his clients, including the Debtor.

12. On or about April 21, 1995, Kaye pled guilty to the charges, and on April 24, 1995, this Court entered a judgment (the "Judgment") of conviction for mail fraud. A copy of the Judgment is annexed hereto as Exhibit "A".

13. As part of the Judgment, the Court ordered Kaye to make restitution payments (the "Restitution Payments") into a fund under the control of the United States of America (the "Restitution Fund"), for the benefit of each of the victims listed in the Judgment, including the Debtor. Under the terms of the Judgment, Kaye was required to make all Restitution Payments in full by no later than April 24, 2000.

14. Over the last three years, my associate and I have sent numerous letters and placed several calls to the Office of the United States Attorney for the Eastern District of New York to request that the Restitution Fund be distributed so that the Trustee, as the representative of the Debtor, for the benefit of the Debtor's estate, can receive the appropriate share, consummate the Plan, and close the bankruptcy case.

15. In July 2005, the Assistant U.S. Attorney (the "AUSA") in charge of this matter contacted my firm and requested that the Trustee's counsel research the status of all of Kaye's victims (all of which were either bankruptcy debtors or entities that had initiated assignments for the benefit of their creditors), ostensibly to determine whether which, if any, of the other Debtor's still existed.

16. We researched the various victim entities, and, in August and September 2005, sent a report to the AUSA concluding that all of Kaye's victims were (i) bankruptcy

340863.1                                                3

estates that have long since closed, and (ii) insolvent entities that had assigned all of their assets to creditors under applicable state law and have long since dissolved. Despite the submission of this report, however, the U.S. Attorney, has not yet taken any action regarding the Restitution Fund.

17. The Office of the United States Trustee has requested that the Trustee close this bankruptcy case as soon as possible. The Trustee, however, cannot close this bankruptcy case until all of the Debtor's assets are collected for distribution to the creditors of the Debtor's estate. The sole remaining asset for the Debtor's estate is the Restitution Fund.

18. I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of May, 2006.

/s/ Jonathan L. Flaxer
JONATHAN L. FLAXER

# EXHIBIT A

JLF, FYI
JAB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA                    JUDGMENT INCLUDING SENTENCE
            -v-                             UNDER THE SENTENCING REFORM ACT

WILLIAM KAYE                                CASE NUMBER: CR 94-1093

-----------------------------------x        PAUL A. WINICK, ESQ.
                                            330 MADISON AVENUE - 11TH FLOOR
AUSA-  ERIC CORNGOLD                        NEW YORK, NEW YORK  10017
                                            _____
                                            Defendant's Attorney & Address
THE DEFENDANT:
 X    pleaded guilty to count  1   OF THE INFORMATION.

    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

TITLE & SECTION           NATURE & OFFENSE              COUNT NUMBER(S)

18 USC 1341               MAIL FRAUD                          1


The defendant is sentenced as provided in pages 2 through 6  of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 X   It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00.

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # 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            April 21, 1995
                                              Date of Imposition of Sentence


Defendant's Mailing Address:
    31 ROSE LANE
    EAST ROCKAWAY, N.Y.   11518
                                              DENIS R. HURLEY,
                                              UNITED STATES DISTRICT JUDGE

                                              DATED:  April 24, 1995


                                              A TRUE COPY ATTEST
                                              Date:  April 24, 1995
                                              ROBERT C. HEINEMANN, CLERK
                                              BY: PATRICIA L. BEST, DEPUTY CLERK

```
================================================================================
```
JUDGMENT PAGE __2__ of __4__

## PROBATION

The defendant is hereby placed on probation for a term of __FIVE (5) YEARS.__

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page).  If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution.  The defendant shall comply with the following additional conditions:

**THE DEFENDANT SHALL NOT POSSESS A FIREARM.

**THE DEFENDANT WILL BE SUBJECT TO HOME DETENTION WITH ELECTRONIC MONITORING FOR A PERIOD OF __SIX (6) MONTHS.__  THE DEFENDANT SHALL PAY THE COST OF ELECTRONIC MONITORING.

**THE DEFENDANT SHALL SERVE A TOTAL __200 HOURS OF COMMUNITY SERVICE__ AS DIRECTED BY THE PROBATION DEPARTMENT. COMMUNITY SERVICE TO BE COMPLETED WITHIN EIGHTEEN (18) MONTHS OF THE DATE OF THIS SENTENCE.

```
================================================================================
```
Judgment - Page __3__ of __4__
Defendant:       WILLIAM KAYE
Case Number:     CR-94-1093

## RESTITUTION AND FORFEITURE

\_\_\_\_\_  The defendant shall make restitution to the following persons in the following amounts:

**NAME OF PAYEE**                                    **AMOUNT OF RESTITUTION**

SEE ATTACHED PAGES


Payments of restitution are to be made to:

__x__    The United States Department of Probation for transfer to the payee.

\_\_\_\_\_  The payee.

Restitution shall be paid :

\_\_\_\_\_      in full immediately.

__x__        in full no later than ___THE CONCLUSION OF PROBATION PERIOD__.

\_\_\_\_\_      in equal installments over a period of _____ months.  The first payment is due on the date of this judgment.  Subsequent payments are due monthly thereafter.

\_\_\_\_\_      in installments according to the following schedule of payments:


ANY PAYMENTS SHALL BE DIVIDED PROPORTIONATELY AMONG THE PAYEES NAMED UNLESS OTHERWISE SPECIFIED HERE.

DEFENDANT TO ASSIGN ALL PROFESSIONAL FEES ~~AND FUTURE INCOME~~ AS DIRECTED  TO THE U.S. PROBATION DEPARTMENT FOR DISTRIBUTION TO PAYEES.

===============================================================================
JUDGMENT PAGE __4__ of __4__

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

13

## SCHEDULE OF INDIVIDIUAL VICTIMS

| # | CASE NAME | AMOUNT OF LOSS |
|---|---|---|
| 56. | In Re Barterline.Ltd. 78 B 1825 (E.D.N.Y.) | 0 |
| 57. | In Re Chic Luggage, Inc. 188-80326-352 (E.D.N.Y.) | 5,000 |
| 58. | In Re F&B/Ceco Inc. 84B 10216 (S.D.N.Y.) | 0 |
| 59. | In Re Kato Restaurant, Inc. 086-60069-21 (E.D.N.Y.) | 0 |
| 60. | In Re Merns, Inc. 89 B 12795 (S.D.N.Y.) | 5,000 |
| 61. | In Re Morningside Heights Consumers Cooperative Inc., 90 B11453 (S.D.N.Y.) | 34,000 |
| 62. | In Re Orlando Ambulance and Ambulette, Inc. 189-92292-352 (E.D.N.Y.) | 5,000 |
| 63. | In Re Philip & Irene Raices, 188-82181-352 (E.D.N.Y.) | 0 |
| 64. | Stranahan Foil Co., Inc. 188-82181-352 (E.D.N.Y.) | 175,262 |
| 65. | Winnick Automotive, Inc. 92 B 20155 (S.D.N.Y.) | 0 |
| 66. | In the Matter of General Assignment for the Benefit of Creditors of Arnold Beckerman, Inc., 81004/1985 (n.Y. Sup. Ct., N.Y. County) | 0 |
| 67. | In the Matter of the General Assignment for the Benefit of Creditors of David Thaler, Inc. 80039/83 (N.Y. Sup. Ct., N.Y. County) | 16,900 |
| 68. | In the Matter of General Assignment for the Benefit of Creditors of Double B Records & Tapes Inc., 24127/1980 (N.Y. County Ct., Nassau Co.) | 70,000 |
| 69. | In the Matter of the General Assignment for the Benefit of Creditors of Empire International, Inc., 80071/1980 (N.Y. Sup. Ct., N.Y. County | 5,000 |
| 70. | In the Matter of the General Assignment for the the Benefit of Creditors of Hamilton Motor Lines, Inc., 5113/1975 (N.Y. County Ct., Suffolk Co.) | 26,535 |
| 71. | In the Matter of the General Assignment for the Benefit of Creditors of Hong Shing, Inc., 31-126/1971 (N.Y. Sup. Ct., N.Y. County) | 14,000 |

72. <u>In the Matter of the General Assignment for the Benefit of Creditors of Senator Creations, Inc.</u>, 3925/1984 (N.Y. Sup. Ct., N.Y. County)     4,200

73. <u>In the Matter of the General Assignment for the Benefit of Creditors of Smo-King Products, Inc.</u>, 19778/1981 (N.Y. Sup. Ct., Kings County)     5,000

74. <u>In the Matter of the General Assignmet for the Benefit of Creditors of Vikon Tile Corp.</u>, 9539/1983 (N.Y. County Ct., Nassau County)     6,500

75. <u>In the Matter of the Estate of Paul Banks</u>, 249818/87 (Surr. Ct., Nassau County)     5,000